UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELENA STRUJAN,

                              Petitioner,                    **MEMORANDUM AND ORDER**

    -against-                                                         17-CV-629 (RRM)

GLENCORD BUILDING CORPORATION, *et al.*,

                              Respondents.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

       Although she is not incarcerated, petitioner Elena Strujan, appearing *pro se*, brings this application for a writ of habeas corpus. The Court grants petitioner's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. The petition is dismissed for the reasons set forth below.

## BACKGROUND

       Strujan brings this action seeking habeas corpus relief because she is dissatisfied with the course of the proceedings in her civil action, which is pending in the Supreme Court of the State of New York, Kings County. Petitioner also seeks to remove the state court action to this Court. (Petition, (Doc. No. 1) at 3, 104-05.)[1]

       The petition in this case is very similar to the petition in *Strujan v. Office of New York State Governor*, Docket No. 17-CV-1566 (RRM), another case in which petitioner seeks habeas corpus relief. The facts alleged in the instant petition are also contained in the complaints in closed actions in which petitioner did not seek habeas corpus relief. *See Strujan v. Cuomo*, Docket No. 16-CV-5418 (RRM) (SMG); *Strujan v. Fiden & Norris, LLP*, Docket No. 16-CV-4365 (RRM) (SMG); *Strujan v. DeBlasio*, Docket No. 16-CV-3150 (RRM) (SMG).

---

[1] For ease of reference, the Court utilizes the page numbers assigned by the CM/ECF system.

**DISCUSSION**

The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81–82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States. *See McCleskey v. Zant*, 499 U.S. 467, 477–78 (1991). That grant of jurisdiction is presently codified at 28 U.S.C. § 2241 which permits federal courts to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c). Because Strujan is not being held in custody, habeas corpus relief is not appropriate or available in this matter. *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cty, Cal.*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."); *see also Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 515–16 (1982) (affirming denial of writ of habeas corpus filed by mother who lost parental rights); *Moore-Beidl v. Beaudoin*, 553 F. Supp. 404, 406 (N.D.N.Y. 1981), *aff'd*, 697 F.2d 294 (2d Cir. 1982) (habeas corpus relief denied to petitioner who was not in custody). Since Strujan's petition is devoid of any basis in law or fact – defects which cannot be cured by amendment – the petition is dismissed pursuant to Rule 4 of Rules Governing § 2254 Cases.

This Court cannot intervene in a case that Strujan filed in state court simply because she does not like the Kings County Supreme Court's rulings or the pace of the litigation before the state court. *Younger v. Harris*, 401 U.S. 37, 54 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). Furthermore, Strujan is not entitled to seek removal of her state court action to this Court because she is not the defendant in the state court action. *See* 28 U.S.C. § 1441(a) (providing for removal by the defendant).

## FILING INJUNCTION WARNING

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a). A district court may not impose a filing injunction without first providing the litigant with notice and an opportunity to be heard. *Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).

Not only has Strujan filed at least five actions in this Court,[2] she also files numerous submissions within each action that she entitles, for example, "Notice to the Court Regarding Trespass Done by Defendant." Along with the initial pleading, these numerous submissions cause a strain on judicial resources. Here, Strujan has filed over 30 "Notice" documents since filing the initial habeas petition.

In *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM)(SMG), Strujan filed over 50 documents *after* the case was closed. In *Strujan v. Cuomo, et al.*, No. 16-CV-5418 (RRM)(SMG), Strujan filed over 35 documents *after* the case was closed. In light of the significant Court resources that have been expended in processing Strujan's submissions, the Court hereby warns Strujan that if she continues to file similar submissions, she shall be – upon

---

[2] *See Strujan v. DeBlasio, et al.,* No. 16-CV-3150 (RRM)(SMG); *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM)(SMG) (closed Mar. 8, 2017); *Strujan v. Cuomo, et al.*, No. 16-CV-5418 (RRM (SMG) (closed Mar. 8, 2017); *Strujan v. Office of New York State Governor*, No. 17-CV-1566 (RRM) (SMG); *Strujan v. Storage Fox Self-Storage LIC*, No. 18-CV-4620 (RRM) (SMG).

notice and opportunity to be heard – enjoined from filing any future *in forma pauperis* action without first obtaining the Court's permission.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to enter judgment against petitioner, to mail a copy of that judgment and this Memorandum and Order to petitioner, and to note that mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       May 19, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge